IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BARRY LYNN COX,<br><br>                    Plaintiff,<br><br>v.<br><br>KENNETH ARMSTRONG, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 4:24-cv-00022-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case is referred to the undersigned from District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B). The Court previously granted Plaintiff's request[1] to proceed *in forma pauperis* ("IFP").[2] This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, it is recommended that this action be dismissed.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint, the attached exhibits, and the docket from Plaintiff's related state court case.[3] In March 2022, Plaintiff was pulled over for speeding near Snow Canyon State Park in Santa Clara, Utah. Plaintiff was charged with an infraction in the Santa Clara Justice Court.[4] Plaintiff denies he was speeding. After several

---

[1] Docket No. 1, filed February 20, 2024.

[2] Docket No. 4, filed February 22, 2024.

[3] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[4] Case No. 225200231 (Santa Clara Justice Court, Washington Cnty., Utah).

unsuccessful attempts to have the justice court case dismissed, the case was set for a bench trial. Plaintiff failed to appear and was found guilty. Plaintiff was sentenced *in abstentia* and was ordered to pay a $130 fine. When Plaintiff did not comply with the terms of his citation, his driver's license was suspended.

After judgment was entered, Plaintiff continued to file documents and motions with the justice court, many of which are similar to his Complaint here. The justice court denied all of Plaintiff's Motions during a hearing held on February 27, 2024, with a written order issued on March 4, 2024. Plaintiff has the right to appeal until April 1, 2024.

In this case, Plaintiff brings claims against the state court judges who oversaw his case, the prosecuting attorney, the director of the Utah State Driver's License Division, and Utah Governor Spencer Cox.

## II.  DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding IFP. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[5]

---

[5] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

A.      *YOUNGER* ABSTENTION

Plaintiff's claims are barred by the *Younger*[6] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[7] The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[8] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[9]

Here, Plaintiff's justice court case is ongoing,[10] he can and has raised the same claims raised in his Complaint here, the state court is an adequate forum to hear those claims and has set them for hearing, and the state "proceedings involve important state interests—namely, the enforcement of state criminal laws."[11] For these reasons, *Younger* abstention applies here. Even if abstention was not required, Plaintiff's claims fail for the reasons discussed below.

---

[6] *Younger v. Harris*, 401 U.S. 37 (1971).

[7] *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

[8] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[9] *Id.*

[10] Because Plaintiff's time for an appeal has not yet run, the state proceedings remain ongoing. *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)

[11] *Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010); *Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (A state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic.").

B.      JUDICIAL IMMUNITY

Plaintiff brings claims against the state court judges overseeing his criminal case. "A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[12] The Supreme Court has recognized that "[a]lthough unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[13]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[14] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[15] Acts outside a judge's judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[16]

Here, Plaintiff brings suit against the state court judges for actions taken in their judicial capacity. As such, they are immune and the claims against them are subject to dismissal. Plaintiff's claims of bad faith do not overcome this immunity.

C.      PROSECUTORIAL IMMUNITY

Plaintiff also brings claims against the state court prosecutor. The Tenth Circuit has held that "a prosecutor's activities related to initiating and pursuing a criminal prosecution and

---

[12] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

[13] *Id.* at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[14] *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[15] *Id.* at 11–12.

[16] *Id.* at 12.

presenting the state's case at trial are absolutely immune from liability."[17] Plaintiff's allegations

relate to the prosecutor's efforts in initiating and pursuing the criminal prosecution in the

underlying case. In light of this, Plaintiff's claims against the prosecutor are subject to dismissal.

D.      CLAIMS AGAINST DIRECTOR CARAS

Plaintiff's claims against Director Caras are less than clear. It appears that Plaintiff is

asserting that his license should not have been suspended because he was not speeding.

The Supreme Court said in *Heck v. Humphrey* "that a § 1983 action that would impugn

the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has

been reversed on direct appeal or impaired by collateral proceedings."[18] *Heck* prevents litigants

"from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or

sentence without complying with the more stringent exhaustion requirements for habeas

actions."[19] *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the

validity of outstanding criminal judgments."[20]

Plaintiff's claim against Director Caras necessarily implies the invalidity of his justice

court conviction. Plaintiff contends that his license should not have been suspended because he

was not speeding. However, Plaintiff has been found guilty of speeding. Any determination that

Plaintiff's license was wrongfully suspended necessarily implies that his citation and conviction

were invalid.[21] Therefore, this claim is barred.

---

[17] *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 704 (10th Cir. 2014).

[18] *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

[19] *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

[20] *Heck*, 512 U.S. at 486.

[21] *Lacy v. Dallas Police Dep't*, No. 3:10–CV–526–B, 2010 WL 3463286, at *1 (N.D. Tex. July 26, 2010) (recommending dismissal of claims under *Heck* where the plaintiff "has not shown that the revocation of his driver's license or the outstanding tickets have been

Plaintiff also cites a number of criminal statutes he contends Director Caras has violated, including mail fraud and extortion. However, there is no indication that these provisions allow for a private right of action.[22]

E.     CLAIMS AGAINST GOVERNOR COX

Plaintiff also asserts claims against Utah's governor. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege personal participation by the defendant.[23] Such personal participation must be alleged by showing an affirmative link between the defendant and the challenged conduct, either through the defendant's actual conduct or the defendant's acquiescence in a constitutional violation.[24] Thus, a complaint must "make clear exactly *who* is

---

invalidated"); *Burlison v. Rogers*, No. 5:07-cv-302-Oc-10GRJ, 2008 WL 312890, at *4 (M.D. Fla. Feb. 4, 2008) (unpublished), *aff'd*, 311 F. App'x 207 (11th Cir. 2008) (finding that *Heck* barred § 1983 claim that suspension of plaintiff's driving privilege was improper where favorable judgment would question validity of county court traffic conviction, which had yet to be invalidated)

[22] *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (holding that "Congress did not intend to create a private right of action in enacting either the mail fraud or wire fraud statutes"); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (holding that "Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute"); *Clements v. Miller*, No. 1:04-cv-2455-REB-BNB, 2005 WL 2085497, *3 (D. Colo. Aug. 29, 2005) ("[S]ection 872 does not provide a private cause of action.") (citing *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997)); *Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1227 (W.D. Okla. 1997) (same); *Rosado v. Curtis*, 885 F. Supp. 1538, 1541 (M.D. Fla. 1995) (same). While Utah law does permit a private right of action for theft by extortion, Utah Code Ann. § 76–6–406(4), Plaintiff's Complaint fails to sufficiently allege the elements of that claim.

[23] *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).

[24] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

6

alleged to have done *what* to *whom*."[25] "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."[26]

Plaintiff's Complaint fails to allege personal participation by Governor Cox in any challenged conduct. Rather, it appears that Governor Cox is named solely because of his role as governor. This is insufficient to state a claim under § 1983. Therefore, the claims against Governor Cox should be dismissed.

### III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Plaintiff's Complaint be dismissed.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5th day of March, 2024.

BY THE COURT:

_____

PAUL KOHLER
United States Magistrate Judge

---

[25] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[26] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).